The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion on the following question:
 Under the existing statutes and rules can the Arkansas Board of Examiners in Psychology grant permission for a non-licensed individual to administer any psychological assessment instrument that requires any element of objective observation or reporting as to quality of responding other than as a supervised qualified student or bonafide applicant?
It should be initially noted that a classification for psychological test technician was not provided in Act 129 of 1955, which established the Arkansas Board of Examiners in Psychology and its powers and duties. See A.C.A. § 17-96-101 et seq. (Repl. 1992 and Supp. 1993). Only two (2) levels of psychological practice were authorized by this enactment: "psychological examiner" and "psychologist." Under subsection (a)(1) of § 17-96-102, a "psychological examiner" is defined as one who holds himself out as such, or who renders for remuneration, "any service involving the application of recognized principles, methods, and procedures of the science and profession of psychology, such as interviewing or administering and interpreting tests of mental abilities, aptitudes, interests and personality characteristics, for such purposes as psychological evaluation or for educational or vocational selection, guidance or placement." Under qualified supervision, the "psychological examiner" can practice "overall personality appraisal or classification, personality counseling, psychotherapy, or personality readjustment techniques." See
A.C.A. § 17-96-102(a)(2) for the definition of "psychologist."
It is my opinion that a factual determination is required in order to determine whether a non-licensed individual who administers any psychological assessment instrument is engaged in a service that involves the application of recognized principles, methods, and procedures of the science and profession of psychology. Such a determination is not within the province of an Attorney General opinion. I lack the resources and the authority to undertake the necessary inquiry.
Clearly, the Arkansas Board of Examiners in Psychology is vested with administrative authority under these Code provisions governing psychological practice as "psychologists" and "psychological examiners." See A.C.A. § 17-96-203 (Repl. `992). In my opinion, the Board has the authority to make factual determinations as to whether a test technician or any individual who administers any psychological assessment instrument is engaged in a service that requires licensure. In enacting these provisions to regulate the practice of psychologists and psychological examiners, there was no delegation of authority to make law; but authority was delegated to the agency to determine facts upon which the operation of the law was conditioned. SeeHogue v. The Housing Authority of North Little Rock,201 Ark. 263, 144 S.W.2d 49 (1940).
This matter is therefore appropriately referred to the Board for an administrative determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:WDG/cyh